COURT OF APPEALS, (E. S.) JUNE TERM, 1822.

Brown's Ex'r. vs. Tilden, et ux.

APPEAL from the orphans court of *Queen-Anne's* county. The cause was argued before CHASE, Ch. J. BUCHANAN, MARTIN, and STEPHEN, J.

*Bullitt* and *Carmichael,* for the Appellant.

*Chambers* and *Rudulph,* for the Appellees.

A codicil in the hand writing of the testator, found with his will, reciting the changes and alterations he intended to make in it as to his personal estate, is a good and valid testamentary disposition of such estate, tho' not signed by him, or attested by witnesses

The opinion of the court, which sufficiently states the facts of the case, was delivered by

CHASE, Ch. J. The question for the decision of the court is, whether the codicil to the will of *James Brown,* made on the 11th day of September 1820, is a good and valid testamentary disposition of his personal estate?

*James Brown,* in his codicil, begins with reciting, that on the 11th of September 1820, he made his last will in manner and form as therein expressed, wherein he had given to his daughter *Mary,* only an annuity of $200 *per annum,* and also willed to his son *James,* 150 shares of stock in *The Commercial and Farmers Bank of Baltimore,* which shares he had sold and parted with; and in order to make such alterations as appears right and proper, and being in health of body and of sound mind, &c. he makes the bequests in the codicil mentioned, &c. and concludes, "In testimony that this is my codicil to my last will and testament, I have hereunto set my hand and seal this day of 1820," and sets forth the form of attestation in the usual manner.

It has been proved that the codicil is all in the hand writing of the deceased, and that the will and codicil were found together, contained within the same paper or envelope. It also appears that the deceased was a man of intelligence, and particularly attentive to business.

I am of opinion, that the codicil being in the hand writing of the deceased, and being found with the will, and enclosed together under the same cover, and reciting the changes and alterations he intended to make in his will as to his personal estate, was a good and valid testamentary disposition of his personal estate, without signing his name, or the attestation of witnesses; and that the omitting to do that, which the law does not require, to give validity to a

JUNE 1822.

testamentary disposition of his personal estate, cannot change or diminish the legal efficacy of the writing, or be construed into a relinquishment of his intention, and convert it into a mere project or plan of a will, and thereby defeat the intention of the testator, indicated in the plainest manner, in a writing professed to be a codicil to his will, and having every essential the law renders necessary to give it validity as a testamentary disposition of personal estate.

The codicil was a valid disposition as soon as it was written, folded up, and put in a place of security.

